CHARLES B. GREENE
ATTORNEY AT LAW
84 W. SANTA CLARA STREET SUITE 740
SAN JOSE, CALIFORNIA 95113
(408) 279-3518
STATE ID # 56275
Attorney for Kim Burke

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No.: 13-51197 ASW |
| STEVEN I. BURKE | Chapter 13 |
| | R.S.: CG-20 |
| Debtor. | Date: August 20, 2013 |
| | Time: 2:15 p.m. |
| | Judge Arthur S. Weissbrodt |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

MOVING PARTY, Kim Burke, respectfully represents:

1. Notice is hereby given on August 20, 2013 at 2:15 p.m., or as soon thereafter as the matter may be heard at the United States Bankruptcy Court, 280 South First Street., Room 3020, San Jose, California, Moving Party Kim Burke will move the Court for relief from the automatic stay imposed pursuant to 11 U.S.C. §362(a) upon the filing of Debtor's voluntary petition under Chapter 13 of the United States Bankruptcy Code.

2. Movant seeks relief from the automatic stay, to the extent the stay applies, to proceed with her pending dissolution of marriage case in the Santa Clara County Family Superior Court, Case No. 1-05-FL-124898, entitled In re Marriage of Steven I. Burke and Kim Burke (hereafter referred to as "the Family Law Proceeding"), to adjudicate and enforce all remaining issues in the divorce case, including but not limited to: (1) child modification of existing support modification of existing support orders post petition, (2) a determination of the total amount of arrearages due and owing to Movant in conjunction with child support related items (3) a determination of the amount of attorney fees due and owing to Movant by Debtor.

3. Steven I. Burke, the Debtor herein, filed a voluntary petition under Chapter 13 of the

Bankruptcy Code on March 1, 2013.

4. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334 and 11 U.S.C. Section 362.

5. Moving Party and the Debtor were divorced in July of 2007. However, the family law proceeding remains pending.

6. As of the date of this motion, the issues described in paragraph 2 above were pending or may arise in the family law proceeding.

7. As set forth in In re MacDonald, 755 F.2d 715 (9th Cir. 1985) the Bankruptcy Court may enter an order granting relief from stay for cause under §362)(d)(1) in order to allow an ex-spouse to seek a modification or support payments in the State Court. MacDonald, supra, at 717, In MacDonald, the debtor's former wife obtained an order from the Superior Court at the time of her divorce from the debtor which required him to pay her monthly spousal support. After the divorce, the husband filed a bankruptcy petition under Chapter 13. His former spouse then filed a complaint for relief from the automatic stay pursuant to which she sought relief from the automatic stay so that she could proceed in the State Court with her spousal support modification action.

The Bankruptcy Court in MacDonald granted relief from the automatic stay so that the former wife could seek a modification of spousal support. The order was affirmed on appeal. The rationale for the Appellate Court's decision was that the State Court, where the ex-wife proposed to litigate the support issue, had special expertise in dealing with that issue. Additionally, the Court stated that relief from stay should be liberally granted because bankruptcy courts must avoid incursions into family law matters. According to the Appellate Court:

8. In In re Cole, 202 B.R. 356 (Bankr. S.D.N.Y. 1996), the court, citing MacDonald, supra, stated that "federal courts, including bankruptcy courts, originally defer to the state courts matrimonial matters to promote judicial economy and out of respect for the state courts' expertise in domestic relations issues." Id., at 361.

9. Applying the rationale of the above-cited cases to the case at bar, the Bankruptcy Court should grant relief from the automatic stay "out of consideration of court economy, judicial restraint, " and deference to state court judges, and "their established expertise" in family law matters in order to permit Moving Party to proceed in the Family Law proceeding to adjudicate and enforce all remaining issues in the divorce case.

10. Based upon the foregoing authorities and facts, cause exists for the granting of relief from the automatic stay under 11 U.S.C. §362(d)(1).

DATED July 23, 2013

/s/ Charles B. Greene
**CHARLES B. GREENE**