```
Stanley A. Zlotoff, State Bar No. 073283
Attorney at Law
300 S. First St. Suite 215
San Jose, CA  95113

Telephone (408) 287-5087
Facsimile (408) 287-7645

Attorney for Debtors
```

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Benyam Mulugeta and | ) | Case No.: 09-51900 ASW |
| | ) | |
| Paula R. Mulugeta, | ) | Date: 5/30/2013 |
| | ) | |
| | ) | Time: 2:15 p.m. |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |

### DECLARATION OF DEBTOR IN OPPOSITION TO APPLICATION FOR COMPENSATION

I, Benyam Mulugeta, debtor herein declare as follows:

1. The terms of engagement of Campeau Goodsell consisted of two key parts: an hourly billable rate and a retainer of $100,000 payable after the expected sale of the hotel located on Harrison Street ("Harrison Hotel") in Oakland, California. These two parts were inseparable, because without a sale of Harrison, Campeau Goodsell knew that I could not afford the retainer. It was clear to me that the nature of the engagement partook of a kind of contingency fee, whereby it was understood that failure to achieve success with regard to a sale of the

- 1 -

1  Harrison Hotel would mean Campeau Goodsell should expect greatly
2  scaled back compensation consistent with my limited ability to
3  pay.  However, when I heard nothing from Campeau Goodsell for
4  more than three years, I assumed that any fees were simply
5  waived.
6      2.    When the sale of the Harrison Hotel did not
7  materialize, Campeau Goodsell lost interest in the case and did
8  not properly represent my interests.
9      3.    The alleged billable hours are preposterous. I believe
10 I can recognize duplications and puffing.  Unfortunately, I
11 need additional time in order to adequately rebut the Campeau
12 Goodsell time records. My wife has been out of the country for
13 the past month and my records from the time of the Campeau
14 Goodsell representation have been stored.  After the Campeau
15 Goodsell representation, my family moved from our main house in
16 Palo Alto to the granny unit.
17      4.    Campeau Goodsell represented me from April 2009
18 through approximately October 2009.  At no time was I ever
19 presented with a bill for services rendered or a statement of
20 fees incurred.
21      5.    Not only was there little success achieved by Campeau
22 Goodsell, but I've been made aware of glaring inadequacies.  No
23 cash collateral motion was filed.  No warnings were given
24 regarding the accrual of post-petition taxes.
25

6. The services provided by Campeau Goodsell were routine. There were no evidentiary hearings, no complicated legal issues to brief, and no plan filed. The Campeau Goodsell representation consisted essentially of two abortive motions to sell the Harrison Hotel, and defenses of various motions for relief from stay.

7. I am greatly prejudiced by the Campeau Goodsell fee application. I made strategic decisions based on my belief that no claim for administrative fees would be made by Campeau Goodsell. I made a decision to request the court to reconsider dismissal of the case. I negotiated for a settlement with a creditor that resulted in $100,000 recovery by the estate. I proposed a plan based on an expectation that my creditors might receive a distribution based primarily on the recovery.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Palo Alto, California on May 23, 2013.

/s/Benyam Mulugeta